# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3747 | **DATE** | 2/10/2003 |
| **CASE TITLE** | Terry Barnett, et al vs. Willard Strom, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly there is no genuine issue of material fact that operates to defeat Barnett-Strom closures' Rule 56 motion. (28-1) That being the case, they are entitled to a judgment as a matter of law, and the counterclaim against them is dismissed. Finally, because the just-dispatched claim is totally independent of Barnett-Strom Closures' only claim as plaintiffs - - a claim of patent infringement - - this Court leaves to them whether they desire the entry of a Rule 54(b) determination as to the present order of dismissal.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/10/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRY BARNETT, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
     v.                           )   No.  02 C 3747
                                  )
WILLARD STROM, et al.,            )
                                  )
            Defendants.           )

DOCKETED
FEB 12 2003

## MEMORANDUM OPINION AND ORDER

This lawsuit arises out of disputes between plaintiffs Terry Barnett ("Barnett") and Strom Closures, Inc. ("Strom Closures") on the one hand and their former associate Willard Strom ("Strom"), his wife Victoria and their new company C&S Manufacturing Company ("C&S") on the other. In the recognized tradition of a good offense being the best defense, C&S has responded to the Barnett-Strom Closures patent infringement complaint by advancing a counterclaim under Lanham Act §43(a)("Section 43(a)," 15 U.S.C. §1125(a)). In turn, counterdefendants Barnett and Strom Closures have moved under Fed. R. Civ. P. ("Rule") 56 for a summary judgment on the counterclaim.

## Background

Briefly, while Strom was still an officer with Strom Closures some photographs of him were taken, showing him in work clothes and holding and using Strom Closures' "Stik 'n Zip" product. Those photos were used in Strom Closures' advertising

34

and packaging without identifying Strom by name--for aught that appeared, he could have been any carpenter (the product is used in construction) or any anonymous bearded man serving as a professional model (though Strom's modeling charges to his own company at that point were obviously lower or, more likely, zero).

When Strom then parted company with Strom Closures in November 1998, he withdrew any future permission to use his likeness in Strom Closures' packaging or marketing materials, but he agreed that the company could use up such existing materials on hand as a matter of convenience and economy (see his letter, attached as Ex. 1 to this opinion). Then a month later Strom's lawyer wrote that the previously-given permission would end on January 25, 1999 (see the letter attached as Ex. 2). Nonetheless Strom Closures admittedly continued with that use of the already existing materials until some time in 2002, a use that now forms the subject matter of the C&S counterclaim.

## Viability of the Lanham Act Counterclaim

In part Barnett and Strom Closures contend that the C&S counterclaim is barred by the Lanham Act's three year statute of limitations. Though C&S concurs as to the existence of that limitation requirement, it counters that Barnett-Strom Closures' continued use of Strom's likeness on the Stik 'n Zip materials into the year 2002 defeats that contention. But for present

purposes that makes no difference, for (whatever else may be said about the continued use of the materials after the lawyer's letter revoking permission was sent) no violation of Section 43(a) by Barnett and Strom Closures has ever been involved.

In part C&S' opposition to the present Fed. R. Civ. P. 56 motion says that it makes no difference that Strom is not a "celebrity." That of course misses the point. What Section 43(a) primarily makes actionable is "a false designation of origin" of goods or services, and the only indication of origin of the Stik 'n Zip product that is contained in any of the materials at issue--including the materials that show the unidentified Strom holding the product--is the listing of the source's name as Strom Closures, a wholly truthful designation. Nor is there any "false or misleading description of fact, or false or misleading representation of fact" involved--the other avenues of potential actionability under Section 43(a).

In the first of those respects, the point of Strom's anonymity as a person is that his unidentified photo showing him holding the Strom Closures product creates no palming off or passing off (something that could not necessarily be said if the photo had been of someone well known, in which event an inference might perhaps be drawn by the proposed customer that the product had originated with that person). Even that type of inference would, of course, be attenuated at best. For a long time it has

3

been so common to use the photos of well known persons in advertising products that the person depicted is understood to be an endorser rather than an originator of the goods. No one really believes that Michael Jordan really manufactures and sells Nikes, or that Tiger Woods makes and sells either Buicks or Wheaties.

And as to the second possible alternative--that the wrongful use of an endorser's name or likeness may also be held to be violative of Section 43(a)(in that instance under the rubric of the section's prohibition of any "false or misleading representation of fact, see, e.g., Pirone v. MacMillan, Inc., 894 F.2d 579, 584 (2d Cir. 1990))[1]--by definition such activity poaches on the rights of the endorser, not of a corporation such as C&S that lacks personality (id. at 584-85; Brown v. Twentieth Century Fox Film Corp., 799 F.Supp. 166, 173 (D. D.C. 1992)).[2]

---

[1] Barnett and Strom Closures cite (among other authorities) the eerily parallel situation posed in Albert v. Apex Fitness, Inc., No. 97 Civ. 1151 (LAK), 1997 WL 323899, at *1 (S.D. N.Y. June 13), which held that the use of a low-paid and anonymous professional model in a photograph advertising certain products could not reasonably be viewed by any trier of fact as implying a personal endorsement of the products by the model.

[2] Moreover, any such individual claims are closely akin to the common law or state statutory law claim of a violation of the right of publicity (Pirone, 894 F.2d at 585-86; Brown, 799 F.Supp. at 172). In this instance Strom himself sought to advance a counterclaim of his own under the Illinois Right of Publicity Act, 765 ILCS 1075/1, but in response to the Barnett-Strom Closures Rule 56 motion as to that claim Strom has just stipulated to its nonappealable dismissal with prejudice.

4

Indeed, although C&S does not face up to this obstacle at all as to either of the two statutory alternatives, any contention that the continued use of the Strom photograph on Strom Closures' Stik 'n Zip packaging or marketing materials could somehow violate Section 43(a) as to C&S--which is, after all, the party suing--is doubly untenable. It requires a twofold quantum leap to contend that the unidentified photograph of Willard Strom on the product's package or in its advertising materials somehow conveys the misinformation that C&S is really the originator of (or even endorses, for that matter) the Stik 'n Zip product, or that C&S should be identified with the product's producer Strom Closures--both of those are truly bizarre contentions.[3]

Accordingly there is no genuine issue of material fact that operates to defeat Barnett-Strom Closures' Rule 56 motion. That being the case, they are entitled to a judgment as a matter of law, and the C&S counterclaim against them is dismissed. Finally, because the just-dispatched claim is totally independent of Barnett-Strom Closures' only claim as plaintiffs-- a claim of patent infringement--this Court leaves to them whether they desire the entry of a Rule 54(b) determination as to the present order of dismissal (see National Metalcrafters v. McNeil, 784

---

[3] Perhaps a threefold quantum leap may be closer to the mark: C&S' own product does not use Strom's image as an identifier, so that nothing in Strom Closures' conduct even arguably hints at a C&S connection.

F.2d 817, 821 (7th Cir. 1986)).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 10, 2003

WILLARD H. STROM
25975 Diamond Lake Road
Mundelein, Illinois 60060

November 12, 1998

Board of Directors
Strom Closures, Inc.
c/o Arthur M. Holtzman
Pedersen & Houpt
161 N. Clark Street
Chicago, IL 60601

Gentlemen:

You are hereby notified that I am resigning as director, president and employee of Strom Closures, Inc. effective at 5:00 P.M., November 13, 1998.

You are notified further that I am hereby withdrawing my permission to Strom Closures, Inc., to use my likeness or that of any of my family members in any packaging or marketing material relating to any product manufactured or sold by Strom Industries, Inc.

Notwithstanding this withdrawal, in order to avoid any waste or unnecessary expense, I will not contest either the use by Strom Closures, Inc. of any existing packaging material until it is used up, or the use by Strom Closures, Inc. of any existing marketing brochures for that same period of time. In other words, the marketing brochures must not be used further after the packaging material is used up.

Sincerely,

Willard H. Strom

B00023

EX. 1

LAW OFFICES
# DYKEMA GOSSETT

55 EAST MONROE STREET, SUITE 3050

CHICAGO, ILLINOIS 60603-5709

TELEPHONE (312) 551-4900
TELECOPIER (312) 651-4918

ANN ARBOR, MICHIGAN
BLOOMFIELD HILLS, MICHIGAN
DETROIT, MICHIGAN

GRAND RAPIDS, MICHIGAN
LANSING, MICHIGAN
WASHINGTON, D.C.

ARTHUR F. RADKE

DIRECT DIAL: (312) 551-4912
E-MAIL: aradke@dykema.com

December 24, 1998

By Fax

Mr. Arthur M. Holtzman
Pedersen & Houpt
161 North Clark Street
Chicago, IL 60601

Re: Termination of Strom Closures, Inc. License

Dear Arthur:

I am writing to you on behalf of Willard H. Strom with respect to his Patent Number 5,819,474 dated October 13, 1998 which covers the product being sold by Strom Closures, Inc. as Stik 'n Zip (the "Product"). Your clients, Strom Closures, Inc., David Barnett and Terry Barnett, are hereby notified that any license which Mr. Strom has granted or may be deemed by operation of law to have granted to any of them is terminated effective January 25, 1999. We will consider any additional manufacture, offering for sale, or sale of the Product after that date to constitute an infringement of Mr. Strom's patent and we will take appropriate action.

You are also notified that any use of Mr. Strom's likeness or that of any of his family members on packaging or for any commercial purpose after January 25, 1999 is also prohibited and any permission by Mr. Strom previously given which differs from this is withdrawn.

Very truly yours,

DYKEMA GOSSETT

Arthur F. Radke

CH\9883.1
ID\AFR

EX. 2