# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

MAR 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Terry Barnett, an individual, and and | ) |
| Strom Closures, Inc., an Illinois Corporation, | ) |
| | ) |
| Plaintiffs, | ) Case No. 02-CV-3747 |
| | ) |
| v. | ) District Judge: M. Shadur |
| | ) |
| Willard Strom, an individual, Victoria Strom, an individual, and C&S Manufacturing, Co., an Arizona Corporation, | ) |
| | ) |
| Defendants. | ) |

**DOCKETED**

APR 1 1 2003

## NOTICE OF MOTION

TO:  Carl E. Meyers
     MARSHALL, GERSTEIN & BORUN
     6300 Sears Tower
     233 South Wacker Drive
     Chicago, IL 60606-6357

PLEASE TAKE NOTICE that on Friday, March 28, 2003 at 9:15 a.m., the undersigned will appear before Judge Shadur in the United States District Courthouse at 219 South Dearborn Street, Chicago, Illinois, in the courtroom usually occupied by him and then and there present **PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS' ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT NO. 5,819,474**, a copy of which is attached hereto.

Dated: March 26, 2003

By: *Dennis McWilliams*

Dennis M. McWilliams
Mark J. Nahnsen
BARNES & THORNBURG
209 South LaSalle Street, Suite 410
Chicago, Illinois 60604-1202
Telephone: (312) 368-1300
Facsimile: (312) 368-0034
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Terry Barnett, an individual, and )
and )
Strom Closures, Inc., an Illinois )
Corporation, )
                     )
           Plaintiffs, )
                     )
v. )
                     )
Willard Strom, an individual, )
Victoria Strom, an individual, and )
C&S Manufacturing, Co., an Arizona )
Corporation, )
                     )
           Defendants. )

**F I L E D**

MAR 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 02 C 3747

District Judge: M. Shadur

**DOCKETED**
APR 1 1 2003

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
### THAT DEFENDANTS' ARE ESTOPPED TO DENY INFRINGEMENT OF U.S.
### PATENT NO. 5,819,474

Plaintiffs, Terry Barnett and Strom Closures, Inc. move this Court, pursuant to Rule 56 of

the Federal Rules of Civil Procedure, for entry of summary judgment on their behalf and against

the Defendants, that Defendants are estopped to deny infringement of U.S. Patent No. 5,819,474

for all of the reasons outlined herein.  In support of this Motion, Plaintiffs state as follows:

1.    The Defendants, by marking the packaging of their product (THE ZIPPER), and the

instruction sheet distributed with THE ZIPPER product, with the patent number in suit to

commercially benefit from that designation are now estopped from denying that the designated

patent covers THE ZIPPER product.

2.    In accordance with the local general rules of this Court, Plaintiffs have filed,

contemporaneously with this motion, a Memorandum of Law in support of their motion and a

-1-



Rule 56.1 Statement of Material Facts as to which there is no genuine issue.

3.      For all of the reasons set forth in this Motion, the facts established in the Nahnsen

Declaration attached, the undisputed Exhibits marked during the Willard Strom deposition, and

the accompanying Memorandum of Law and, because there is no genuine issue as to the facts set

forth in the moving papers, Plaintiffs request the entry of an order granting summary judgment in

favor of the Plaintiffs and against the Defendants as outlined herein.


Dated: March 26, 2003           By: _Dennis McWilliams_
                                     Dennis M. McWilliams
                                     Mark J. Nahnsen
                                     BARNES & THORNBURG
                                     209 South LaSalle Street, Suite 410
                                     Chicago, Illinois 60604-1202
                                     Telephone: (312) 368-1300
                                     Facsimile: (312) 368-0034

                                     *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| Terry Barnett, an individual, and | ) |
| and | ) |
| Strom Closures, Inc., an Illinois | ) |
| Corporation, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| Willard Strom, an individual, | ) |
| Victoria Strom, an individual, and | ) |
| C&S Manufacturing, Co., an Arizona | ) |
| Corporation, | ) |
|  | ) |
| Defendants. | ) |

MAR 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case No. 02-CV-3747

District Judge: M. Shadur

DOCKETED

APR 1 1 2003

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS' ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT NO. 5,819,474

### I. INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiffs Terry Barnett and

Strom Closures, Inc. have filed an accompanying Motion requesting that this Court grant

summary judgment for the Plaintiffs holding that the Defendants are estopped from denying

infringement of U.S. Patent No. 5,819,474 ("'474 Patent"). The legal bases that authorize

summary judgment that the Defendants are estopped from denying infringement of the '474

patent, as a matter of law, is outlined herein.

### II. STATEMENT OF THE CASE

Strom Closures, Inc. and Terry Barnett filed the present Complaint in May of 2002,

-1-

alleging that the Defendants, Willard Strom, Victoria Strom and C&S Manufacturing Co., are infringing Plaintiffs' United States Patent No. 5,819,474. A copy of the '474 patent is attached hereto as Plaintiffs' Exhibit 1.

Willard H. Strom is the sole inventor of U.S. Patent No. 5,819,474 and was the sole owner when the patent issued on October 13, 1998. Currently, Plaintiff, Terry Barnett is the sole owner of U.S. Patent No. 5,819,474. Strom Closures was started by Willard Strom in 1995 to manufacture and sell the Stik N' Zip product, which Strom Closures continues to sell. In 1995 Willard Strom, as Licensor, granted an exclusive license (Plaintiff's Exhibit 6) under Patent Application Serial No. 08/309,195 to Strom Closures, Inc. to manufacture, market, advertise, merchandise, distribute and sell the product covered under the patent application. In the License Agreement to Strom Closures, Willard Strom agreed that he did not have any remaining rights or privileges to grant any other licenses. The License Agreement was to remain in effect for as long as Strom Closures, Inc. is in existence. Strom Closures, Inc. remains in existence today as does the Exclusive License Agreement.

Strom Closures, Inc. was set up to manufacture and sell the Stik n' Zip product, which was the subject of Willard Strom's Patent application. The Stik n' Zip product was constructed according to the disclosure and claims of Willard Strom's patent application. From 1995 until November 1998, Willard Strom was President of Strom Closures, Inc. In approximately November of 1998, Willard Strom, ended his association with Strom Closures, Inc. In a letter dated December 24, 1998, an attorney for Willard Strom notified counsel for the Plaintiff that Willard Strom's Patent No. 5,819,474, covered the product being sold by Strom Closures, Inc. as the Stik 'n Zip product. In March of 1999, Willard Strom started C&S Manufacturing. After

Willard Strom left Strom Closures, Inc. in 1998, and before C&S was incorporated in Arizona in August of 2000, Willard Strom ran C&S Manufacturing entirely.  As of June 26, 2002, Willard Strom was an owner and officer of C&S Manufacturing Co. which produces and sells products in competition with Strom Closures, Inc.  C&S Manufacturing sells a product marketed as "THE ZIPPER ", which is sold in direct competition with the Stik N' Zip product of Strom Closures to many of the former customers of Strom Closures, Inc.  On August 29, 2000, Willard Strom, as Licensor, signed a purported License Agreement and Victoria Strom, on behalf of C&S Manufacturing, signed as Licensee, Willard Strom purported to grant a license to C&S under patent number 5,819,474.  The purported License Agreement stated that THE ZIPPER product, providing a secure entry/exit system to a temporary shelter, was currently marketed by C&S Manufacturing as THE ZIPPER.  The purported License Agreement further stated that THE ZIPPER product is currently covered under U.S. Patent No. 5,819, 474.  The purported License Agreement was later revoked by Willard Strom.

C&S Manufacturing's instruction sheet for THE ZIPPER product (Plaintiffs' Exhibit 10), references Patent No. 5,819,474 and was used by C&S to instruct purchasers how to use THE ZIPPER product.  This instruction sheet for THE ZIPPER product was prepared by Willard Strom and the '474 patent number was used at his suggestion.  The reason that the '474 patent number was placed on the instruction sheet of THE ZIPPER product was to warn other potential competitors away from duplicating THE ZIPPER product and to obtain commercial advantage.  Willard Strom also prepared a second instruction sheet (Plaintiffs' Exhibit 13) that was used by C&S to instruct purchasers how to use THE ZIPPER product.  The instruction sheet of Plaintiffs' Exhibit 13 illustrates the use of THE ZIPPER product with a lock securing a pull tab from the

zipper to an eyeling screw.  According to Willard Strom, it is possible that THE ZIPPER product, which is on the shelves of distributors today, still includes the instructing sheet bearing the Patent number as in Plaintiffs' Exhibit 13.  Plaintiffs' Exhibit 12 is another instruction sheet which has been used by C&S Manufacturing in connection with the sale of THE ZIPPER product.  C&S Manufacturing printed the instruction sheet attached to the Complaint as Exhibit C, which is the same as Plaintiffs' Exhibit 10.

In addition to the instruction sheets and packaging, C&S Manufacturing has provided a notification circular (Plaintiffs' Exhibit 15) to advertise to customers the patented THE ZIPPER Product.  The notification circular refers to THE ZIPPER product as being designed and patented by Willard Strom and discusses the benefit of the locking feature.

In designing the packaging for THE ZIPPER product, Willard Strom contributed to the content on the outside of the packaging as illustrated in Plaintiffs' Exhibit 17.  C&S Manufacturing printed the '474 patent number on the Exhibit B package attached to the complaint, which is identical to plaintiffs' Exhibits 17 and 31.  Willard Strom was more than happy to reference the '474 patent number on the packaging of THE ZIPPER product of Plaintiffs' Exhibit 17.  The final design for THE ZIPPER packaging of Plaintiffs' Exhibit 17 was approved by Willard and Victoria Strom.  THE ZIPPER product is presently being sold in a package (Plaintiff's Exhibit 31) bearing Patent No. 5,819,474 in retail stores.  This package identifies the source of the product as C&S Manufacturing, Co.  The packaging presently being sold in retail stores illustrates the use of THE ZIPPER product with a lock securing a pull tab from THE ZIPPER to an eyeling screw.

As will be demonstrated, Defendants having utilized the patent to obtain commercial

benefit and scare off potential competitors are now estopped from denying infringement of U.S.

Patent No. 5,819,474.

### III. ARGUMENT

**A.   Summary Judgment Standard**

A grant of summary judgment "shall be rendered forthwith if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law." Fed.R.Civ.P 56(c).  Familiar Rule 56 principles impose on a party seeking

summary judgment the burden of establishing the lack of genuine issue of material fact.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  For that

purpose, the Court must "read the record in the light most favorable to the non-moving party,"

although it "is not required to draw unreasonable inferences from the evidence."  *St. Louis No.*

*Joint Venture v. P & L Enters., Inc.*, 116 F.3d 262, 265 n. 2 (7th Cir. 1997).  Not every factual

dispute between the parties prevents summary judgment.  The disputed facts must be material

and the dispute genuine.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996).  The grant

of summary judgment is appropriate in a patent case where the standards set forth in Rule 56 (c)

are satisfied.  *Paragon Podiartry Lab., Inc. v. KLM Labs, Inc.*, 984 F.2d 1182, 1190 (Fed. Cir.

1993).

There are no genuine issues as to any material fact of the use by the Defendants of Patent

No. 5,819,474 on THE ZIPPER product sold by them.  They have used the patent number on the

packaging (Plaintiffs' Exhibit 17, Plaintiffs' Exhibit 31) on Instruction Sheets (Plaintiffs' Exhibit

10, Plaintiffs' Exhibit 12 and Plaintiffs' Exhibit 13) contained with the packaging and on other

advertising materials (Plaintiffs' Exhibit 15). Defendant's counsel has gone on record (Plaintiffs' Exhibit 9) as stating that the '474 patent covers the Stik N' Zip product which is structurally identical to THE ZIPPER product. Defendants, on numerous occasions, have consistently sought refuge under the patent umbrella in dealing with their customers but now seek to disavow that coverage when dealing with Plaintiffs. The Defendants should be estopped from denying infringement of U.S. Patent No. 5,819,474. As a matter of law, the Plaintiffs are entitled to summary judgment.

**B.    The Defendants are Estopped from Denying Infringement of U.S. Patent No. 5,819,474**

The Defendants, by knowingly and intentionally marking the packaging of THE ZIPPER product and the instructions therein with Patent No. 5,819,474 ('474 patent) for their commercial benefit, are now estopped from denying infringement of the '474 patent. THE ZIPPER product, manufactured, marketed and sold by the Defendants, includes Plaintiffs' Patent Number 5,819,474 prominently displayed on the exterior of the packaging (Plaintiffs' Exhibits 17 and 31) and on the accompanying instruction sheet to reap the commercial benefit of such by warding off potential competitors from entering the marketplace. Not only does the packaging of THE ZIPPER product, currently being sold by the Defendants, display the '474 patent number but so does the instruction sheet (Plaintiffs' Exhibit 10) used within the packaging. The Defendants' intentional and prolonged use of the '474 patent number on their packaging clearly estops them from denying infringement.

Federal law makes patent mismarking a criminal offense. 35 U.S.C. §292(1988). The

offense includes placing a patent number on a product without the consent of the patentee "with the intent... of deceiving the public and inducing them to believe that the thing was made or sold by or with the consent of the patentee. ..." *Id.* §292(a).  Placing a patent number on a product will estop a manufacturer from denying that his product embodies the patent for purposes of liability for both patent infringement damages, *see Piaget Novelty Co. v. Headley*, 108 Fed. 870, 872-73 (2d Cir. 1901); *Caanan Products, Inc. v. Edward Don & Co.*, 273 F.Supp. 492, 502 [154 USPQ 393] (N.D.Ill. 1966), *aff'd*, 388 F.2d 540 [156 USPQ 295](7th Cir. 1968), and patent license royalties, *see Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791, 797 [149 USPQ 877](6th Cir. 1966).  Consistent with patent law, intent is not required in a case of "marking estoppel." *Crane Co. v. Aeroquip Corp.*, 364 F. Supp. 547, 179 U.S.P.Q 596 (N.D. Ill. 1973).  Deliberate mismarking, of even a limited nature, or inadvertent mismarking over a prolong period would justify an estoppel. *See Gridiron Steel Co.*, 361 F.2d at 797.  The law is clear that a defendant who marks his manufactured product with a patent number is estopped from later asserting that his product does not come within the scope of the patent. See, e.g., Gridiron Steel Co. v. Jones & Laughlin Steel Corp., 361 F.2d 791, 149 USPQ 877 (6th Cir. 1966).

> Marking estoppel. . . should arise only when a consideration of all aspects of a defendant's pertinent conduct makes it inequitable for him to take a position contrary to his prior statements or actions. The act of impermissibly placing a patent number on a product, if limited in time and quantity, does not inevitably have such adverse effects for the patentee or the consuming public as to bar the mismarker from establishing that his product does not use the patent. . . . the accused mismarker should be able to defeat the claim by showing how inadvertent and limited the mismarking was. Of course deliberate mismarking of even a limited nature or inadvertent mismarking over a prolonged period would justify an estoppel.

*High Frequency*, 892 F. Supp. 1515, 1519 (*quoting Boyd v. Schildkraut Giftware Corp.*, 936

F.2d 76, 79 (2nd Cir.), *cert. denied*, 502 U.S. 941, 116 L. Ed. 2d 329, 112 S. Ct. 378 (1991)).

By intentionally marking THE ZIPPER packaging product and accompanying instruction sheet with the patent number for a prolonged duration and touting the benefits thereof, the Defendants are estopped from claiming that THE ZIPPER product does not embrace the features of the marked patent. *Gridiron Steel Co. v. Jones & Laughlin Steel Corp.*, 361 F.2d 791, 797 (6th Cir. 1966). The Defendants may also not relieve themselves of liability for the payment of damages by eliminating the patent marking in manufacturing and selling THE ZIPPER product of construction identical with the one previously marked. *Gridiron v. Jones*, 361 F.2d at 797. If the Defendants desired to question the applicability of the '474 patent to THE ZIPPER product, which they continue to manufacture and sell, they should have refrained from marking THE ZIPPER product with the patent number. *Gridiron v. Jones*, 361 F.2d at 797. Thus, the Defendants would have avoided any question of estoppel. *Gridiron v. Jones*, 361 F.2d at 797.

Willard Strom, the inventor of the '474 patent, designed the packaging for THE ZIPPER product and was more than happy to reference the '474 patent number thereon to gain the commercial benefit over potential competitors. The reason that Willard Strom applied for a patent in the first place, was to keep would be competitors out of the marketplace. As the inventor behind the '474 patent and the owner when issued, Willard Strom was very clear of the benefits that his patent provided. Victoria Strom, the president of C&S Manufacturing, along with her husband Willard Strom knowingly approved the final design of THE ZIPPER product packaging, which purposefully included the '474 patent number. C&S Manufacturing, at the direction of Willard and Victoria Strom printed the '474 patent number on the packaging for THE ZIPPER product. The use of the '474 patent number by the Defendants on THE ZIPPER

product was for the sole purpose of gaining commercial benefit over competitors.  It wasn't until Willard Strom lost his full rights in the patent after filing for personal bankruptcy and the initiation of this suit has he denied infringement.

Willard Strom and Victoria Strom knew in 2000 that the '474 patent covered both THE ZIPPER product and the Stik N' Zip product.  That is why Willard Strom, although he had no authority to do so, attempted to grant a license to C&S (Plaintiffs' Exhibit 7) under the '474 patent.  How can he now deny that the '474 patent covers THE ZIPPER product?

In addition to placing the '474 patent number on the packaging of THE ZIPPER product, the Defendants also placed the '474 patent number on the instruction sheet within the packaging of THE ZIPPER product.  The instruction sheet of Plaintiffs' Exhibit 12 as well as the information circular of Plaintiffs' Exhibit 15 tout that THE ZIPPER product is designed and patented by Willard Strom and highlight its patented features.  The '474 patent number placed on the Defendants' instruction sheet is clearly positioned under the page header in large block type to notify competitors that THE ZIPPER is a patented product.  The Defendants have even admitted in writing, in the purported License Agreement between the inventor, Willard Strom, and C&S, that THE ZIPPER product is currently covered by the '474 patent.  The marking of the '474 patent number on THE ZIPPER product and associated literature by the Defendants was not accidental but a deliberate effort to use the '474 patent as an economic tool.  It would be equitably unjust to allow the Defendants, after prominently

displaying the '474 patent number on THE ZIPPER product and touting the benefits thereof, to deny infringement of the very same patent that they are claiming the benefit of. When taking into consideration all aspects of the Defendants' pertinent conduct relating to their marking of THE ZIPPER product with the '474 patent number it would be inequitable for them to take a position contrary to their prior actions.

## C. Conclusion

The doctrine of patent marking estoppel is an equitable doctrine designed to protect patent owners from those who would use their patent numbers in commercial advertising to secure economic benefit in touting to customers the fact that their product is patented and later denying that the product is covered.

One would have to strain to find a factual situation more appropriate or compelling for the application of this equitable doctrine.

Here we have the sole inventor of the patent in suit, granting an exclusive license (Plaintiffs' Exhibit 6) to the company which bears his name. Later, he separates from that company (Plaintiffs' Exhibit 8) and sets up a new company to go in direct competition with the company he previously formed. Although not entitled to do so, he marks the patent number prominently on the packaging of his new company and the Instruction Sheets which accompany THE ZIPPER product. When charged with patent infringement, the Defendants claim in unity "that patent doesn't cover our product. We don't infringe".

If the Doctrine has any purpose, in equity, to protect a patent owner from unlawful use of his patent number by his competitors, the present fact situation outlined in excruciating detail

herein, is the poster child for such a doctrine. No case has been uncovered with an identical fact

pattern since virtually no one would take the positions which these Defendants have taken.

Advertise the patent protection when commercial benefit can be obtained but deny patent

coverage when sued for infringement.

There are no disputed material facts. As conclusively established herein, the Defendants

are estopped from denying infringement of U.S. Patent Number 5,819,474 for their intentional

and continuing acts of marking THE ZIPPER product packaging and instruction sheets with the

number of the patent in suit. Willard and Victoria Strom's use of the '474 patent, through their

company, C&S Manufacturing, on THE ZIPPER package and accompanying literature,

knowingly and intentionally have reaped commercial benefits by preventing potential

competitors from entering their marketplace. To allow the Defendants to now deny infringement

of the very same patent that they prominently displayed for so long on the product that they

manufacture would be entirely inequitable. Hopefully this Court will share the outrage of the

Plaintiffs and estop Defendants from denying infringement.

Plaintiffs respectfully request that this Court enter summary judgment in favor of

Plaintiffs that the Defendants are estopped from denying infringement of U.S. Patent 5,819,474

by virtue of the conduct outlined herein.

Respectfully submitted,

Dated: March 26, 2003                    By Dennis McWilliams
                                         Dennis M. McWilliams
                                         Mark J. Nahnsen
                                         BARNES & THORNBURG

-11-

209 South LaSalle Street, Suite 410
Chicago, Illinois 60604-1202
Telephone: (312) 368-1300
Facsimile: (312) 368-0034
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

MAR 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Terry Barnett, an individual, and and | ) | |
| Strom Closures, Inc., an Illinois Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 02-CV-3747 |
| v. | ) ) | District Judge: M. Shadur |
| Willard Strom, an individual, Victoria Strom, an individual, and C&S Manufacturing, Co., an Arizona Corporation, | ) ) ) ) ) | **DOCKETED**<br>APR 1 1 2003 |
| Defendants. | ) | |

## PLAINTIFFS' STATEMENT OF UNDISPUTED
## FACTS IN ACCORDANCE WITH LOCAL RULE 56.1

Plaintiffs provide this statement in support of their accompanying Motion for Summary

Judgment on Defendants' Infringement of Patent No. 5,819,474, in accordance with the

provisions of Rule 56.1 of the Local Rules.

1. This lawsuit arises out of a patent infringement dispute between plaintiffs Terry Barnett

("Barnett") and Strom Closures, Inc. ("Strom Closures") on the one hand and the inventor

of the patent in suit and their former associate Willard Strom ("Strom"), his wife Victoria

and their new company C&S Manufacturing Company ("C&S") on the other.  (Court's

Memorandum Opinion and Order dated February 10, 2003).

2. This Court has subject matter jurisdiction since this case is for patent infringement under

Title 35 of the United States Code with Federal question jurisdiction being conferred

pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Venue is properly conferred under 28 U.S.C.

§§ 1400(b) because each of the Defendants either reside or has a regular and established

place of business in this Judicial District.  (C&S Manufacturing's First Amended Answer

and Counterclaim ¶14).

3.    Plaintiff, Terry Barnett is the sole owner of U.S. Patent No. 5,819,474 in suit.

      (Plaintiffs' Exhibit 2)

4.    Plaintiff, Strom Closures Inc. is an exclusive licensee under the Patent in Suit. (Plaintiffs'

      Exhibit 6).

5.    Plaintiff Strom Closures manufactures and sells a product under the trademark "Stik 'n

      Zip ." (¶49 of C&S Manufacturing's First Amended Answer and Counterclaim).

6.    Strom Closures was started by Willard Strom in 1995.   (Willard Strom's Dep. Trans. Pg.

      5, lines 20-24).

7.    Willard Strom is the sole inventor of U.S. Patent No. 5,819,474. ( Willard Strom Dep.

      Trans. Pg. 7, lines 16-18.

8.    In 1995 Defendant, Willard Strom, was the sole owner of  then pending U.S. Patent

      Application Serial No. 08/309,195 filed on September 20, 1994.  (Plaintiffs' Exhibit 6).

9.    Patent Application Serial No. 08/309,195 ultimately issued as U.S. Patent No. 5,819,474,

      the patent here in suit, through a continuation application.  (Plaintiffs' Exhibit 1).

10.   Plaintiff, Strom Closures, Inc. was set up to manufacture and sell the Stik n' Zip product

      which was the subject of Willard Strom's Patent Application Serial No. 08/309,195.

      (Plaintiffs' Exhibit 3, page 2, paragraph 4).

11.   The Stik n' Zip product was constructed according to the disclosure and claims of Willard

Strom's patent application.  (Plaintiffs' exhibit 4, page 1, paragraph 1).

12.   Structurally, the Stik n' Zip product of Strom Closures Inc. and THE ZIPPER product of C&S are nearly identical.  (Willard Strom's answer to Plaintiff's Interrogatory 1(i)).

13.   In 1995 Willard Strom, as Licensor, granted an exclusive license under Patent Application Serial No. 08/309,195 to Strom Closures, Inc. (Licensee), one of the Plaintiffs in this litigation to manufacture, market, advertise, merchandise, distribute and sell "the product".  (Plaintiffs' Exhibit 6).

14.   "The product" referenced in Plaintiffs' Exhibit 6 was the Stik N'Zip product covered under Patent Application Serial No. 08/309,195. (Plaintiffs' Exhibit No. 6).

15.   In that License Agreement Willard Strom (Licensor) agreed that he did not have any remaining rights or privileges to grant to any other licensee.  (Plaintiffs' Exhibit 6).

16.   The License Agreement remains in effect for as long as Strom Closures, Inc. is in existence.  (Plaintiffs' Exhibit 6, Paragraph 4).

17.   Strom Closures, Inc. remains in existence today as does the Exclusive License Agreement of Plaintiffs' Exhibit 6. (Plaintiffs' Exhibit 6, Paragraph 4)

18.   From 1995 until November, 1998, Willard Strom was president of Strom Closures. (C&S Manufacturing's First Amended Answer and Counterclaim ¶47).

19.   In or about November 1998, Willard Strom ended his association with Strom Closures, Inc. (C&S Manufacturing's First Amended Answer and Counterclaim ¶50; Plaintiffs' Exhibit 16).

20.   After Willard Strom left Strom Closures, Inc. in 1998, and before C&S was incorporated in Arizona in August 2000, Willard Strom ran C&S entirely.  (Victoria Strom's Dep.

Trans. Pg. 17, lines 6-9).

21. In a letter dated December 24, 1998, Mr. Radke, acting as attorney for Willard Strom, notified then counsel for Strom Closures, Inc. that Mr. Strom's Patent Number 5,819,474, covers the product being sold by Strom Closures, Inc. as Stik n' Zip. (Plaintiffs' Exhibit 9).

22. As of June 26, 2002, Willard Strom was an owner and officer of C&S Manufacturing Co. which produces and sells products in competition with Strom Closures, Inc. (Plaintiffs' Exhibit 8, Page 11).

23. In a purported License Agreement dated August 29, 2000 signed by Willard Strom, as Licensor, and Victoria Strom on behalf of C&S Manufacturing, as Licensee, Willard Strom purported to grant a license to C&S under Patent No. 5,819,474. (Plaintiffs' Exhibit 7).

24. The purported License Agreement stated that THE ZIPPER product, providing a secure entry/exit system to a temporary shelter, was currently marketed by C&S Manufacturing as THE ZIPPER. (Plaintiffs' Exhibit No. 7).

25. The purported License Agreement further stated that THE ZIPPER product is currently covered under Patent No. 5,819,474. (Plaintiffs' Exhibit No. 7).

26. The purported License Agreement (Plaintiffs' Exhibit 7) was later verbally terminated by Willard Strom. (Willard Strom Dep. Trans. Pg. 144, lines 19-21).

27. C&S Manufacturing's instruction sheet for THE ZIPPER product, which referenced Patent No. 5,819,474, was used by C&S to instruct purchasers how to use the product. (Plaintiff's Exhibit No. 10).

28.   The instruction sheet distributed by C&S Manufacturing bearing Patent No. 5,819,474
      was prepared by Willard Strom. ( Willard Strom Dep. Trans. Pg. 72, lines 15-18).

29.   Willard Strom suggested the use of patent number 5,819,474 on the instruction sheet
      (Plaintiff's Exhibit 10) used in connection with THE ZIPPER product. ( Willard Strom
      Dep. Trans. Pg. 72, line 23 through Pg. 73 line 1).

30.   The reason that Patent No. 5,819,474 was placed on the instruction sheet of THE ZIPPER
      product was to warn other potential competitors away from duplicating THE ZIPPER
      Product and to obtain commercial advantage. ( Willard Strom Dep. Trans. Pg. 73, lines
      19-23).

31.   Willard Strom also prepared the instruction sheet of Plaintiffs' Exhibit 13 bearing Patent
      No. 5,819,474. ( Willard Strom Dep. Trans. Pg. 78, lines 8-13).

32.   The Instruction Sheet of Plaintiffs' Exhibit 13 illustrates the use of THE ZIPPER product
      with a lock securing a pull tab from THE ZIPPER to an eyeling screw. (Plaintiffs' Exhibit
      13).

33.   Plaintiffs' Exhibit 12 is an instruction sheet which has been used by C&S Manufacturing
      in connection with THE ZIPPER product. (Plaintiffs' Exhibit 12).

34.   According to Willard Strom, it is possible that THE ZIPPER product, which is on the
      shelves of distributors today, still includes the instruction sheet bearing the Patent number
      as in Plaintiffs' Exhibit 13. ( Willard Strom Dep. Trans. Pg. 80, line 15 through Pg. 81,
      line 4).

35.   C&S printed the Instruction Sheet attached to the Complaint as Exhibit C, which is the
      same as Plaintiffs' Exhibit 10. (Plaintiffs' Exhibit 8, page 6, Answer to Complaint

Paragraphs 30&31).

36.   Plaintiffs' Exhibit 15 is a notification from C&S Manufacturing Co. to customers to

inform them about THE ZIPPER Product.  (Plaintiffs' Exhibit 15).

37.   Plaintiffs' Exhibit 15 refers to THE ZIPPER product as being "Designed and Patented by

Willard Strom".  (Plaintiffs' Exhibit 15).

38.   Plaintiffs' Exhibit 15 discusses the benefit of using the locking feature.  (Plaintiffs'

Exhibit 15).

39.   The purpose of Plaintiffs' Exhibit 15 was to advertise the patented THE ZIPPER product.

(Willard Strom's Dep. Trans. Pg. 97, line 7 through Pg. 98, line 10).

40.   Willard Strom contributed to the content on the outside of the packaging of THE ZIPPER

product as illustrated in Plaintiffs' Exhibit 17.  ( Willard Strom Dep. Trans. Pg. 106, line

19 through Pg. 107, line 9).

41.   C&S Manufacturing printed U.S. Patent No. 5,819,474 on the Exhibit B package attached

to the complaint, which is identical to the packages of Plaintiffs' Exhibits 17 and 31.

(Plaintiffs' Exhibit 18, page 6, Answer to Paragraph 28).

42.   Willard Strom was more than happy to reference Patent No. 5,819,474 on the packaging

of THE ZIPPER product of Plaintiffs' Exhibit 17.  ( Willard Strom Dep. Trans. Pg. 111,

lines 3-5).

43.   The final design for the Plaintiffs' Exhibit 17 packaging of THE ZIPPER product was

approved by Willard and Victoria Strom.  (Defendant C&S Manufacturing Co.'s answer

No. 12 to Plaintiff Terry Barnett's First Set of Interrogatories).

44.   THE ZIPPER product is presently being sold to consumers in a package bearing Patent

No. 5,819,474 in retail stores.  (Plaintiffs' Exhibits 31&32; Declaration of Mark J. Nahnsen).

45.  The package of Plaintiffs' Exhibit 31, currently being sold, identifies Patent No. 5,819,474. (Plaintiffs' Exhibit 31).

46.  The package of Plaintiffs' Exhibit 31 identifies THE ZIPPER product as coming from C&S Manufacturing Co.  (Plaintiffs' Exhibit 31).

47.  The package of Plaintiffs' Exhibit 31 illustrates the use of THE ZIPPER product with a lock securing a pull tab from THE ZIPPER to an eyeling screw. (Plaintiffs' Exhibit 31).

48.  As of December 18, 2001, Willard Strom, Assigned, through the Trustee in Bankruptcy, to Terry Barnett, all of his right, title and interest in Patent No. 5,819,474.  (Plaintiff's Exhibit 2).

49.  Willard Strom presently claims no ownership rights in Patent No. 5,819,474.  (Willard Strom's Dep. Trans. Pg. 7, line 22 through Pg. 8, line 2).


Dated: March 26, 2003                    By:  *Dennis McWilliams*
                                         Dennis M. McWilliams
                                         Mark J. Nahnsen
                                         BARNES & THORNBURG
                                         209 South LaSalle Street, Suite 410
                                         Chicago, Illinois 60604-1202
                                         Telephone: (312) 368-1300
                                         Facsimile: (312) 368-0034
                                         *Attorneys for Plaintiffs*

-7-

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION** FILED

MAR 2 6 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| Terry Barnett, an individual, and and<br>Strom Closures, Inc., an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 02-CV-3747 |
| v. | ) ) | District Judge: M. Shadur |
| Willard Strom, an individual,<br>Victoria Strom, an individual, and<br>C&S Manufacturing, Co., an Arizona Corporation, | ) ) ) ) ) | **DOCKETED**<br>APR 1 1 2003 |
| Defendants. | ) | |

<u>DECLARATION OF MARK J. NAHNSEN IN SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT THAT DEFENDANTS' ARE ESTOPPED TO DENY
INFRINGEMENT OF U.S. PATENT NO. 5,819,474</u>

I, Mark J. Nahnsen declare:

1.     I am an attorney with the law firm of Barnes and Thornburg, counsel of record for

the Plaintiffs, Terry Barnett and Strom Closures, Inc.. I make this declaration of my personal

knowledge, and if called as a witness, I would testify competently to each of the following facts:

2.     On Wednesday, March 5, 2003, I entered a Menards home improvement store

located at 1000 U.S. Highway 41, Schererville, Indiana 46375.

3.     While at the Menards store, I asked a store clerk where, within the store, could I

locate The Zipper product.

4.     The store clerk took me to the location within the store where The Zipper product

was displayed.

35

5.    I picked up a box of The Zipper product, double zipper pack, from the shelf, reviewed the label, and observed that it included both Patent No. 5,819,474 and a photograph of a padlock securing the zipper closure to an eyelet screw.

6.    After I picked The Zipper product off of the Menards store shelf, I proceeded to the cashier at the front of the store.  The Zipper product that I picked up off of the shelf at Menards is marked as Plaintiffs' Exhibit 31.

7.    The cashier scanned The Zipper product at the register, which rang up at a cost of $11.64 with tax.

8.    After I payed the cashier for The Zipper product I received a store receipt that listed the name and address of the store, a description of the product purchased, the product SKU number, the quantity of products purchased, the cost, tax and date purchased.

9.    I delivered The Zipper product (Plaintiffs' Exhibit 31) and sales receipt (Plaintiffs' Exhibit 32) purchased from the Schererville Menards store to the Firm of Barnes & Thornburg the following morning on March 6, 2003.

10.    On March 11, 2003, I was present at the deposition of Willard Strom and observed that the package which I had purchased at the Menards store on March 5, 2003 was marked as Plaintiffs' Exhibit 31 and the receipt was marked as Plaintiffs' Exhibit 32.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on March 26, 2003 at Chicago, Illinois.

Mark J. Nahnsen

## CERTIFICATE OF SERVICE

I, Mark J. Nahnsen, an attorney, certify that on this 26th day of March, 2003, a true and correct copy of the above and foregoing **NOTICE OF MOTION, PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS' ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT 5,819,474, PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS IN ACCORDANCE WITH LOCAL RULE 56.1, PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS' ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT NO. 5,819,474 and DECLARATION OF MARK NAHNSEN** via personal delivery were served upon the following attorney(s) of record:

Carl E. Meyers
MARSHALL, GERSTEIN & BORUN
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357

Date:   March 26, 2003

Richard Sensenbrenner

-12-