UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

MAY 02 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED

MAY - 7 2003

| | |
|---|---|
| Terry Barnett, and<br>Strom Closures Incorporated<br><br>Plaintiffs,<br><br>vs.<br><br>Willard Strom, Victoria Strom and<br>C&S Manufacturing Company<br><br>Defendants. | )<br>)<br>)  Case No. 02 C 3747<br>)<br>)  Judge Milton I. Shadur<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COURT ORDERED MEMORANDUM OF LAW THAT THE ASSERTION OF MARKING ESTOPPEL DOES NOT PREVENT DEFENDANTS FROM ADVANCING ITS POSITION OF NONINFRINGEMENT

NOW COMES DEFENDANTS, WILLARD STROM, VICTORIA STROM AND C&S MANUFACTURING, by its undersigned attorneys, and for its Court Ordered Memorandum of Law that the Assertion of Marking Estoppel Does Not Prevent Defendants From Advancing Its Position of Noninfringement, states as follows:

## I.    INTRODUCTION

At the March 28, 2003 hearing on Plaintiffs Motion for Summary Judgment that Defendants Are Estopped to Deny Infringement of U.S. Patent No. 5,819,474, the Court ordered that in addition to responding to Plaintiffs' Statement of Undisputed Facts in Accordance with Local Rule 56.1, Defendants file this Memorandum of Law that the Assertion of Marking Estoppel Does Not Prevent Defendants from Advancing Its Position of Noninfringement.

## II.    ARGUMENT

Marking estoppel is an unclear doctrine of law.  Several courts including the Federal Circuit have questioned the validity of the doctrine. *Smithkline Diagnostics, Inc., v. Helena*



*Laboratories Corp.*, 859 F.2d 878 (Fed. Cir. 1988); *Acromed Corporation v. Sofamor Danek Group, Inc.*, 1998 U.S. Dist. LEXIS 23292 (N.D. Ohio 1998); *Keller et al. v. Clark Equipment Company et al.*, 1981 U.S. Dist. LEXIS 1981 (North Dakota 1981); One district court has even ruled that the doctrine is no longer viable and inconsistent with the provisions of Title 35. *High Frequency Products, Inc., v. Wynn's Climate Systems, Inc.*, 892 F. Supp. 1515 (S.D. Fla. 1995) Although the marking estoppel line of cases has been questioned and held to be unclear, one thing is certain: the assertion of marking estoppel does not preclude the accused party of advancing its position of noninfringement.

In nearly every case where marking estoppel is raised, the courts also examine whether the accused product actually infringes the asserted patent. Thus, marking estoppel, if applied, is only an alternative ground to a finding of infringement. *Keller et al. v. Clark Equipment Company et al.*, 1981 U.S. Dist. LEXIS 1981 (North Dakota 1981); *See also, Caanan Products, Inc., v. Edward Don & Company*, 273 F. Supp 492, 496 (N.D. Ill. 1966)(the court found that the "evidence of infringement was overwhelming" and estoppel applied); *Gridiron Steel Company v. Jones & Laughlin Steel Corporation et al.*, 361 F.2d 791, 796 (6th Cir. 1966)(finding "there is no question that [Jones & Laughlin] took the flange construction feature from the '397 patent" and that estoppel applied); *Crane Company v. Aeroquip Corporation*, 504 F.2d 1086, 1093 (7th Cir. 1974)(in finding that the accused device infringed, there was no need to address marking estoppel); *Empire Iron Works, Inc. v. Defender, Inc.*, 992 F. Supp. 928 (E.D. Mich. 1997)(infringement found under the doctrine of equivalents before it examined and found that marking estoppel did not apply); *Tri-Seal International, Inc. c. J.S. Plastics, Inc.*, 1991 U.S. Dist. LEXIS 19603 (N.D. Ill. 1991)(in addition to finding that marking estoppel did not apply, the court performed a classic two-step infringement analysis); *Acromed Corporation v. Sofamor*

2

*Danek Group, Inc.*, 1998 U.S. Dist. LEXIS 23292 (N.D. Ohio 1998)(the court found that there

was no infringement and marking estoppel did not apply); *Keller et al. v. Clark Equipment*

*Company et al.*, 1981 U.S. Dist. LEXIS 1981 (North Dakota 1981)(the court found that there was

no infringement and held that marking estoppel did not apply).

Based on the overwhelming case law regarding marking estoppel, it is clear that when a

plaintiff asserts marking estoppel, a defendant is not precluded from advancing its position of

noninfringement.  Thus, Defendants in the instant case should not be prevented from establishing

that the '474 patent is not infringed.

Dated: May 1, 2003

By:
    Carl E. Moore, Jr.
    Thomas I. Ross
    Carl E. Myers
    MARSHALL, GERSTEIN & BORUN
    6300 Sears Tower
    233 South Wacker Drive
    Chicago, IL 60606-6357
    (312) 474-6300
    Attorneys for Defendants