UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 14 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
MAY 15 2003

| | |
|---|---|
| Terry Barnett, an individual, and and Strom Closures, Inc., an Illinois Corporation, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 02-CV-3747 |
| v. ) | District Judge: M. Shadur |
| Willard Strom, an individual, Victoria Strom, an individual, and C&S Manufacturing, Co., an Arizona Corporation, ) ) ) ) ) | |
| Defendants. ) | |

## PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT NO. 5,819,474

Plaintiffs, Terry Barnett and Strom Closures reply to the defendants' opposition and in support of their motion for summary judgment that the Defendants are estopped from denying infringement of U.S. Patent No. 5,819,474 ("'474 Patent") as follows.

I.  **Briefs to Date**

The basis for Plaintiff's Motion was that Defendants had marked the number of the patent in suit on their packaging and advertising literature for the express purpose of obtaining commercial advantage. As stated in Defendant Willard Strom's deposition testimony, the reason for using the '474 patent number was to warn other potential competitors away from duplicating The Zipper. That packaging is currently being sold (Plaintiff's Exhibit 19) and providing an

advertising benefit to Defendants, none of whom own or have any rights in the '474 patent. For that reason the equitable doctrine of "Patent Marking Estoppel" is applicable to this case and should bar Defendants from contesting infringement.

Defendant's primary response is to present arguments as to why they do not infringe and conclude that since they do not infringe, they should not be barred from contesting infringement.

That misses the point completely. Plaintiffs, in this reply, will not waste the Court's time by arguing the issue of infringement which is not before the Court.

## II. A Finding of Estoppel Would Preclude the Defendants from Advancing Their Position on the Issue of Infringement

The Defendants cite several cases in which both infringement and estoppel were decided in an attempt to argue that an assertion of Patent Marking Estoppel does not prevent the Defendants from advancing their position with regards to noninfringement. The issues before the courts in the cases cited by the defendants included both infringement and estoppel. Since both issues were before the courts both were decided upon. In none of the case cited was the sole issue of marking estoppel before the court for decision. Typically, in litigation, parties present multiple issues for Trial before the court with the hopes that one will result in a favorable outcome. In some cases certain issues, given a particular factual scenario, have a higher likelihood of a more favorable outcome. In *Gridiron Steel v. Jones*, the court stated that the estoppel argument presented was much stronger than the infringement argument. *Gridiron Steel v. Jones*, 361 F.2d 791, 797 (6th Cir. 1966). The decision in *Gridiron Steel* indicates that the issue of estoppel, since it was the stronger argument, would have been considered without

considering the issue of infringement. In *Crane Company v. Aeroquip Corp.* the district court found that the defendant had 'a specific intent to mark the accused devices and represent them as being protected by a patent.' *Crane Company v. Aeroquip Corp.* 504 F.2d 1086, 1093. (7th Cir. 1974). Despite its holding of non-infringement by defendant, the district court in *Crane* held that defendant's marking of its modified couplings with the Plaintiff's patent number estopped it from denying that it was liable for royalties on the modified couplings. *Id.* It is agreed that if, in a given case, if marking estoppel does not apply, then the court must construe the claims and go through an infringement analysis. If however, the facts in a given case justify marking estoppel and, as previously noted, this case is the poster child for such application, the accused party is "estopped" to deny infringement. That ends the infringement inquiry. What else can estoppel mean? Since the defendants allude that the only other issue is that of infringement, summary judgment is proper in this case.

### III. The Doctrine of Patent Marking Estoppel is Still a Viable Doctrine

While the doctrine of marking estoppel has come under question by some courts, it is still a viable doctrine and its use is particularly appropriate in the present case where Willard Strom, the inventor of the '474 patent, and his company, C&S Manufacturing, mark The Zipper product and the accompanying instruction sheet with the patent number, as evidenced by Plaintiffs' Exhibits 19 and 20. Even after Willard Strom assigned the patent in bankruptcy, there is no evidence that he took any steps for a product recall. The defendants continue to benefit from marking the patent number on the packaging of "The Zipper" product by scaring off competitors and gaining commercial advantage. This has most certainly allowed them to obtain and retain

market share and sell to large retail chains.

While the Federal Circuit in *Smithkline Diagnostics* does not accept the proposition that an *admittedly noninfringing* product can be converted by estoppel to an infringing product, there has been no admittance of noninfringement in the present case. Quite the opposite is true. The defendants have already admitted that they infringe the '474 patent by the nature of the August 29, 2000 License Agreement between Willard Strom and C&S Manufacturing, as shown in Exhibit 12 of the Plaintiffs' brief. In the License Agreement, it was stated that the Licensor (Willard Strom) owned all rights in a product providing a secure entry/exit system to a temporary shelter, currently marketed as "The Zipper." In the next sentence, the License Agreement states that the product is currently covered under Patent # 5,819,474. This License agreement was signed by Willard Strom and his wife Victoria Strom on behalf of C&S Manufacturing. Thus the defendants admit that The Zipper product infringes the '474 patent by virtue of the License Agreement. The Federal Circuit in *Smithkline* cited *Crane* to state that it should be recognized that applications of the marking estoppel doctrine in this case should have an important therapeutic function in protecting the public interest. Manufacturers should be on notice that care must be taken in avoiding misrepresentation to the public that goods are protected by a patent. *Smithkline Diagnostics, Inc. v. Helena Laboratories Corp.* 859 F.2d 878, 890-891 (Fed. Cir. 1988). The defendants intentional misrepresentations to the public that their product is protected by the '474 patent estops them from denying infringement.

### IV. The Doctrine of Marking Estoppel has Application in the Present Case

In the defendants' brief in opposition to Plaintiffs' motion, it is argued that even if

marking estoppel is a viable doctrine of law, its application in this case is not warranted because the accused product sold by Defendants, is not the same packaged product that was marked. The defendants go on to further argue that the packaged product previously sold and marked by the Defendants is not the subject of Plaintiffs infringement allegations. This is not the case. It is the Plaintiffs' position that the accused "The Zipper" product currently sold by the Defendants is the same as the packaged product that was marked with the '474 patent number, attached to the Complaint. Continued use is evidenced by the package and the receipt depicted in Exhibit 19 and 20 of plaintiffs' brief. The Zipper packaging of Plaintiff's Exhibit 19 is the packaging that is currently being sold in retail centers across the U.S. and includes the '474 patent number displayed on the lower left corner of the package. The Zipper product packaging, still in the marketplace today, not only includes the patent number but also includes the patented locking feature clearly displayed in the photo on the packaging. The defendants may not relieve themselves of liability by eliminating the patent marking on new packaging in manufacturing and selling The Zipper of construction identical with the one previously marked. *Gridiron Steel Co. v. Jones*, 361 F.2d at 797. Since the slightly revised "The Zipper" product the defendants are allegedly selling in the marketplace is of identical construction and the packaging is nearly identical to the previous product, the defendants cannot escape liability by simply removing the patent number from their product. If the defendants had changed the packaging of "The Zipper" product in 2001, it would seem unlikely that the original packaging would still be available in the marketplace today.

The defendants have admitted that "The Zipper" product is covered by the '474 patent, by virtue of the C&S License Agreement (Plaintiffs' Exhibit 12). There has been an admittance of

infringement by the defendants and not an admittance of noninfringement by the plaintiffs. Thus, the doctrine of marking estoppel is applicable in the present case.

## V. Conclusion

The defendants, by marking The Zipper packaging and advertising with the '474 patent number, are estopped from denying infringement. A finding of marking estoppel by the Court would preclude the defendants from advancing their case of noninfringement. There is not and cannot be an invalidity issue in this case. The plaintiffs, therefore, request that this Court grant Plaintiffs' Motion for Summary Judgment that the Defendants are Estopped to Deny Infringement of U.S. Patent No. 5,819,474 and schedule a close of discovery on the only two remaining issues, damages and the willfulness of infringement by defendants.

Dated: May 14, 2003

By: _____
Dennis M. McWilliams
Mark J. Nahnsen
BARNES & THORNBURG
209 South LaSalle Street, Suite 410
Chicago, Illinois 60604-1202
Telephone: (312) 368-1300
Facsimile: (312) 368-0034
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT DEFENDANTS ARE ESTOPPED TO DENY INFRINGEMENT OF U.S. PATENT NO. 5,819,474** has been served via personal delivery, upon the following counsel of record:

> Mr. Carl E. Moore, Jr.
> Mr. Thomas I. Ross
> Mr. Carl E. Meyers
> Marshall, Gerstein & Borun
> 6300 Sears Tower
> 233 South Wacker Drive
> Chicago, IL 60606-6357
> (312)474-6300

Dated: May 14, 2003

Mark J. Nahnsen